[Crim. No. 2354. Second Appellate District, Division One.—June 6, 1933.]

In the Matter of the Application of CHAFFEE EARL for a Writ of Habeas Corpus.

Meserve, Mumper, Hughes & Robertson for Petitioner.

Rogert Marchetti and Thomas S. Tobin for Respondent.

CONREY, P. J.—On May 26, 1932, by an order of the Superior Court of Los Angeles County in an action of *Alice Bunch Earl, Plaintiff,* v. *Chaffee Earl, Defendant,* the defendant was ordered to make certain payments of money to the plaintiff on account of attorney's fees, costs and money for support of the plaintiff. Thereafter in a proceeding wherein defendant was charged with contempt of court by failure to make payments in accordance with said prior order, the court found that the defendant had wilfully refused to pay certain of the moneys which by said prior order he had been required to pay, and that he had had the ability to pay the same at the time of such failure and refusal to comply with the order; whereupon it was ordered that the defendant serve two days in the county jail "commencing forthwith". This order and the commitment thereon were made and the defendant was committed to the county jail, all on the twenty-seventh day of February, 1933. On the same day in response to a petition for the writ of *habeas corpus* the writ was issued out of this court and the petitioner was released on bail at 1 o'clock A. M. on February 28th.

Substantially the matter thus has come to be of comparatively slight importance. Nevertheless the case is here and must be decided. Therefore it becomes necessary to examine into the grounds upon which petitioner claims that the court was without authority to impose the sentence.

The first point suggested is that because defendant had appealed from the order of May 26, 1932, the pendency of the appeal operated as a stay of proceedings and entitled the defendant to withhold payment without the giving of any appeal bond. It appears that upon the taking of the appeal application was made for an order of court fixing the amount of an undertaking on appeal, and that the court fixed the amount at the sum of $15,000. From the affidavits used in the contempt proceeding it appears that petitioner

diligently attempted to obtain such undertaking, but was unable to obtain any surety or sureties on such bond. This fact we think is immaterial, if an undertaking was necessary to stay enforcement of the order. And apparently an undertaking was necessary for that purpose. In *Millar* v. *Millar*, 51 Cal. App. 718, 726 [197 Pac. 811, 814], it was held that an order for the payment of alimony falls within the provisions of sections 942 and 946 of the Code of Civil Procedure, since such appeal is from a judgment or order directing the payment of money. "The undertaking, therefore, as declared in the latter section, *stayed* 'all further proceedings in the court below upon the judgment or order appealed from'. The section is too plain for controversy." A petition for rehearing after decision in that case was denied by the Supreme Court.

The next point stated on behalf of petitioner is that the order of May 26, 1932, was so excessive that petitioner was never able to comply, and never having been able to comply could not be in contempt for his noncompliance. We think that there is no merit in this point. The finding of the court as recited in its order of commitment is that the defendant has had the ability to comply with the order of May 26th, "in this respect; that he has had the ability to pay $1,700 upon said order since November 9, 1932, but has paid only $300 since said date, but has wilfully failed and refused", etc. We are of the opinion that the facts thus found, taken together with the original order itself, are sufficient to sustain the authority of the court to impose the penalty.

The third point is based upon an order made by the superior court in a prior contempt proceeding wherein the court, by an order of date September 29, 1932, adjudged that the defendant was not in contempt down to and including that day, although he had not paid to plaintiff certain sums theretofore accrued under said order of May 26th. We are unable to agree with the contention that said order of September 29, 1932, was conclusive against the validity of the subsequent order now under review.

Let the petitioner be remanded to custody.

Houser, J., and York, J., concurred.